

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL CASE NO 1:05-CR-137 |
| | § | |
| SEAN ALLEN STUDNICKA | § | |

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court.  The Court now its enters its recommendation the District Court find that Defendant, Sean Allen Studnicka, is competent to stand trial

A.  Background

On January 5, 2006, pursuant to the motion of counsel, the Court entered its *Order* directing the mental examination of Defendant to determine his competency to stand trial and whether he was insane at the time of alleged offense [Clerk's doc. #18].  In that order, the Court directed that Mr. Studnicka be committed to the Medical Center for Federal Prisoners for examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. §§ 4241 and 4242, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is

unable to understand the nature and consequences of the proceedings against him and whether he was insane at the time of the alleged offense.

On April 17, 2006, the warden of the Medical Center for Federal Prisoners in Springfield, Missouri, issued his notification to the Court that an examiner had completed her psychological evaluation of Mr. Studnicka. Dr. Lee Ann Preston (with the assistance of Jason E. Gable, psychology intern) issued her opinion that because Mr. Studnicka does not suffer from a mental disorder, he is expected to remain competent for the foreseeable future. She also opined that Mr. Studnicka is able to understand the nature and potential consequences of the proceedings against him and assist properly in his defense. The report reflecting the opinion in detail and setting forth the corresponding psychological findings was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government. On May 9, 2006, the Court conducted a competency hearing to address the findings set forth by the report. Neither party objected to the examiner's ultimate finding that Mr. Studnicka is competent. They also agreed with this Court's recommendation that the Defendant be found competent to stand trial.

    B.    Conclusion and Recommendation

Accordingly, based upon the opinion issued by Dr. Preston, clinical psychologist with the Medical Center for Federal Prisoners in Springfield, Missouri, and the agreement of the parties, the undersigned United States Magistrate recommends that the District Court find Sean Allen Studnicka competent to stand trial pursuant to 18 U.S.C. § 4241.

    C.    Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of May, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE